In the Matter of the Estate of ANNIE BOYNTON, Deceased.

Surrogate's Court, New York County, January 15, 1930.

*Harry J. Robinson*, for the proponent.

*Jerome N. Sewards*, special guardian.

O'BRIEN, S. In this probate proceeding conducted by the surrogate in open court, the remarkable though not unusual situation was presented in which both subscribing witnesses positively insisted that they had not signed the propounded paper and that they did not remember having seen testatrix sign the paper or having participated in any execution of this will. Decedent died *July 3, 1929.* It is alleged that the paper was executed on *November 14, 1921,* in the presence of two subscribing witnesses, Anna McIlvain and Mary C. McEvoy, and in the presence of Gladys Otzen, daughter of the sole beneficiary of the will in whose apartment testatrix had a room. Mrs. McIlvain made an affidavit in which she describes in detail how the paper was executed, what testatrix did and said and what she and the other subscribing witness did on said occasion. This affidavit is as follows:

"CITY AND COUNTY OF NEW YORK, ss:

"ANNA McILVAIN, being duly sworn, deposes and says:

"I reside at 400 West 124th Street, Manhattan Borough, New York City, and was well acquainted with Annie Boynton, now deceased, during her lifetime. On November 14, 1921, Annie Boynton requested me to witness her will, under the terms of which she left her entire estate to Mrs. Annie Seijas. In company with Mrs. Mary C. McEvoy, I saw Annie Boynton sign a paper on November 14, 1921, which paper was dated on that day, and Annie Boynton stated both to Mrs. McEvoy and myself that the paper she signed in the presence of both of us was her last will and testament and that by her last will and testament, which she signed in the presence of Mrs. McEvoy and myself, she left all her estate to Mrs. Annie Seijas. After Mrs. Boynton signed her will, she requested both Mrs. McEvoy and myself to place our names on the will as witnesses, and at her request, we both did place our names on the will as witnesses, in her presence and in the presence of each other. When this had been done Mrs. Boynton took the will, placed it in an envelope, sealed the envelope and then wrote on the envelope, in the presence of Mrs. McEvoy and myself the following words: 'My Last Will: to be opened by Annie Seijas in case of my death. (signed) ANNIE BOYNTON.' I have this day inspected the will of Annie Boynton at the Surrogate's Court of New York County, and I recognize it as the document which Mrs. Annie Boynton signed in the presence of Mrs. Mary C. McEvoy and myself on November 14, 1921, and I also recognize the signatures of Mrs. McEvoy and myself written thereon as witnesses. I have also examined the envelope which is attached to the will on file in the Surrogate's Court of New York County, and I recognize it as the envelope in which Mrs. Boynton placed her will in the presence of Mrs. McEvoy and myself on November 14, 1921, and I also recognize the handwriting on the envelope as that of Mrs. Boynton and recall that she wrote the words above quoted on that envelope in the presence of Mrs. McEvoy and myself on November 14, 1921.

"ANNA McILVAIN

"Sworn to before me this
        25th day of July, 1929.
    "HARRY J. ROBINSON
            "Notary Public, Westchester Co.,
                "N. Y. Co. Clks. No. 141 Reg. No. 1R190
    "Commission expires March 30, 1931."

Subsequently she sought to have her affidavit withdrawn. Mrs. McEvoy, the other subscribing witness, said she did not remember being a witness to the will and that while the signature looked like

her signature she did not remember signing the paper. The matter was thereupon set down for a hearing before the surrogate in open court. Mrs. McIlvain testified. She adhered persistently to her contention that she never signed the paper. Her testimony contained several contradictions and it was directly contrary to and contradictory of her affidavit. Her attempt to evade the effect of the affidavit weakened all the more her testimony. She was as a witness on the stand unreliable and undependable. In a lengthy examination the other subscribing witness, Mrs. McEvoy, while not so insistent as Mrs. McIlvain, could not recall any incident wherein she witnessed the paper. When, however, her memory was carried back to the year 1921 she frankly admitted that there was no happening, no incident, no event in her experience of the whole of that year in business or in social hours that she remembered or could recall. It became quite manifest that with her all of that year was a positive blank. Mrs. Gladys Otzen testified that on November 14, 1921, at the request of testatrix, she visited the apartment of both the subscribing witnesses and requested them to come to testatrix's apartment in the same building; that they both came to the apartment of testatrix and she in the presence of both witnesses signed her name to the will, stating that it was her will and requested both of them to sign as witnesses and that they did so sign. She further testified that they signed their names as witnesses in the presence of testatrix. Albert D. Osborn, handwriting expert, testified that, after an examination of concededly genuine signatures of Mrs. McIlvain and Mrs. McEvoy and comparisons with the signatures on the propounded paper, the latter were the signatures of said witnesses. Upon all the proof submitted the will is admitted to probate. Submit decree.